IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

FRANCES R. BOLY,                        )
                                        )
              Plaintiff,                )    TC-MD 111118N
                                        )
       v.                               )
                                        )
DEPARTMENT OF REVENUE,                  )
State of Oregon,                        )
                                        )
              Defendant.                )    **DECISION**

Plaintiff filed her Complaint on October 4, 2011, challenging Defendant's Account

Inactivation notice, dated September 28, 2011, inactivating property identified as R260420

(subject property) from the senior and disabled property tax deferral program for the 2011-12 tax

year because "[t]he real market value of [the subject] property exceeds the limit for [Plaintiff's]

county." (Ptf's Compl at 2.) A case management conference was held in this matter on

March 20, 2012, during which the parties discussed Plaintiff's appeal.

In 2011, the Oregon legislature passed House Bill (HB) 2543 (2011), amending the

requirements for participation in the senior and disabled property tax deferral program. Or Laws

2011, ch 723 §§ 1-32. HB 2543 (2011) amended ORS 311.670(2) (2011) to exclude from the

deferral program properties with a real market value exceeding the applicable percentage of the

"county median RMV," with the applicable percentage based on the number of years that

"taxpayers have continuously owned and lived in the homestead." Or Laws 2011, ch 723 § 3.

Defendant denied Plaintiff's application for deferral based on its determination that "[P]laintiff

certified that [she has] owned and lived in the home for 57 years" and the 2010-11 real market

value of the subject property exceeds "200 percent of the county median RMV" under ORS

311.670(2)(k). (Def's Answer at 1, 2.) Defendant stated that the "median RMV" for Multnomah

County was $236,810 and the 2010-11 real market value of the subject property was $801,630, which exceeds 200 percent of the county "median RMV," $473,620. (*Id.* at 2.)

During the conference on March 20, 2012, Plaintiff confirmed that she had owned and lived in the subject property since 1953, when she purchased the subject property for about $18,000. Plaintiff stated that she has participated in the senior and disabled property tax deferral program since 1983 and it has allowed her to remain in the subject property home despite her fixed income. Plaintiff stated that she has always enjoyed living at the subject property and hopes to be able to stay in the subject property for the rest of her life. The court inquired whether Plaintiff had challenged the 2010-11 real market value of the subject property or wished to do so. Plaintiff responded that she did not. Plaintiff expressed that she does not agree with the 2011 amendments to the senior and disabled property tax deferral program and doubts that it was the legislature's intent to evict seniors from their homes. Plaintiff inquired about property tax collection procedures and Defendant's representative provided Plaintiff with contact information for the Multnomah County Assessor's Office collections department.

The 2010-11 real market value of the subject property exceeds 200 percent of the "county median RMV," or $473,620. (*See* Def's Answer at 2.) Plaintiff stated that she did not wish to challenge the 2010-11 real market value of the subject property. The court finds that the subject property does not qualify for the senior and disabled property tax deferral program for the 2011-12 tax year and the court has no authority to grant an exception for Plaintiff. Under such circumstances, the court finds that Plaintiff's appeal must be denied. Now, therefore,

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ⎯⎯ day of March 2012.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
ALLISON R. BOOMER
MAGISTRATE PRO TEMPORE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Pro Tempore Allison R. Boomer on March 21, 2012. The Court filed and entered this document on March 21, 2012.*